**MOTOR FINANCE COMPANY v HAUG**

Ohio Appeals, 7th Dist, Mahoning Co

Decided March 18, 1932

R. C. Waller, for plaintiff in error.
John J. Kane, Jr., Youngstown, for defendant in error.

FARR, J.

This is practically the only testimony disclosed by the record that could possibly indicate the relation of principal and agent, if any such relation was in any way indicated. It is true that these four sixty-dollar payments were made to the Jesse Edwards Motor Company after the assignment of the chattel mortgage to the Motor Finance Company, but be that as it may, the record discloses that the other persons had been in the habit of calling at the Jesse Edwards Motor Company and making payments upon cars. Just what relationship was thereby sustained does not clearly appear. However, it is disclosed that Adolph J. Haug unfortunately failed to protect his interests by having a proper understanding as to the title to this damaged car and upon which he no doubt expended considerable labor and some expense. No further payments were made on the damaged car after it was taken into the garage for repairs. Therefore, the record discloses that while these payments were made to the Jesse Edwards Company, that such would not necessarily indicate that the Edwards Company was acting as the agent of the Motor Finance Company. If it did assume to receive these payments and credit them upon an obligation still obtaining as to the car, that would not necessarily indicate that the Motor Finance Company had delegated the Jesse Edwards Company to sell the damaged car. Rather would it indicate that if any relation of agency obtained, it would be that the Jesse Edwards Company received these payments from Haynes and for Haynes paid them to the Motor Finance Company, thereby becoming the agent of Haynes for the purpose of the payments.

It is not difficult to understand that some sort of arrangement may have existed, because the original arrangement was with the Jesse Edwards Company, but there isn't any evidence in the record to disclose that the Motor Finance Company constituted the Jesse Edwards Company its agent to sell this damaged car to Adolph J. Haug. Therefore, when he undertook to repair the car and expended labor and expense upon it, he simply took the chances incident to such conduct. Unfortunate as it is, it can not be expected that courts make good any oversight on Haug's part to protect his rights. He no doubt acted in the utmost good faith, but unfortunately failed to see that the chain of title was cleared and finally that it was invested in him.

For the reason given it follows that the

judgment must be reversed. There is not satisfactory evidence here as to the value of the car and the damages for its detention and the question of agency is by no means clear, so that the judgment will be reversed, and a final judgment entered for plaintiff in error.

Judgment reversed.

ROBERTS and POLLOCK, JJ, concur.